FILED

2014 JAN 28 PM 3: 23

M. L. ............ CLK.
U.S. BANKRUPTCY COURT
W.D. OF WA AT TACOMA
BY_____DEP. CLK.

Luis Ewing
c/o 34218 S.E. 22nd Way,
(City of) Washougal,
The State of Washington [98671]

DEFENDANTS OBJECTION TO MOTION
FOR RELIEF FROM STAY

In re:

## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| IN RE: | ) CHAPTER 7 BANKRUPTCY |
| | ) |
| LUIS ANTHONY EWING | ) NO.: 13-47136-PBS |
| | ) |
| | ) DEFENDANTS OBJECTION TO PLAINTIFFS |
| | ) MOTION FOR RELIEF FROM STAY BY FEDERAL |
| | ) NATIONAL MORTGAGE ASSOCIATION |
| Debtor | ) |

## DEFENDANTS OBJECTION TO PLAINTIFFS MOTION FOR RELIEF FROM STAY BY FEDERAL NATIONAL MORTGAGE ASSOCIATION

COMES NOW, Luis Ewing, Debtor, by special appearance and not generally pursuant to

RCW 4.28.210 and submits this written Objection to Plaintiffs Motion for Relief from Stay by

Federal National Mortgage Association, Plaintiff, by and through its attorneys, RCO LEGAL,

P.S., alleges as follows:

Page: 1 of 35

1.) All Assignments are invalid because they are 11 U.S.C. § 548(a)(2) fraudulent transfers based upon forged and perjured documents, the purported Trust Deed(s) in regards to both houses, the first property commonly described as 34218 S.E. 22nd Way, Washougal, Washington 98671, and the second house commonly described as 360 Mast Northwest Drive, Ocean Shores, Washington 98569, are forgeries and worthless pieces of paper because they have been separated from the Original Promissory Notes which have been split and sold numerous times into Securitization Trust's, therefore the ("Movant") Federal National Mortgage Association lacked authority to foreclose and subsequently the foreclosure sale by advertizement was void.

2.) The ("Movant") Federal National Mortgage Association on page 2 of it's first Motion for Relief from Stay regarding my real property commonly described as 34218 S.E. 22nd Way, Washougal, Washington 98671, has committed one count of perjury in violation of **"18 USC § 1621** and/or has also violated **"18 USC § 1001 (1)(2)(3)** by preparing, signing and filing said Motion for Relief from Stay that contains numerous materially false statements fraudulently claiming that:

> "Debtor's interest in the Property was extinguished by virtue of a trustee's sale held on January 11, 2013. Id. Extinguishment of the interest is evidenced by the Trustee's Deed. Id. . . . Movant's interest is based on the Trustee's Deed. The Trustee's Deed was issued on or about January 15, 2013 and recorded in the records of Clark County on January 17, 2013. Id.
> III. Value of the Property

The property sold at auction for $340,011.95; therefore, the presumed market value of the property is $340,011.95."

3.)   It is undisputed pursuant to CR 8 (d) that the perjured statements identified in paragraph "2.)" as listed above are based upon the perjured statements of Jeff Stenman, the foreclosure manager of Northwest Trustee Services, Inc., who allegedly stated on page 4 of a document entitled AFFIDAVIT OF FORECLOSING TRUSTEE at lines 1 through 4 at paragraph 14 that:

"14.   On January 11, 2013, the trustee's sale of the real property went forward and the Trustee's Deed was issued to plaintiff on January 15, 2013, as it was the highest bidder at the foreclosure sale. Trustee's Deed, Exhibit N." And;

It is further undisputed pursuant to CR 8 (d) that this document was allegedly Subscribed and sworn to in the presence of one ANGELA L. BEARDSLEY, STATE OF WASHINGTON NOTARY PUBLIC on the 13th day of August, 2013, and a COPY of the ORIGINAL FILED on August 16, 2013, in the Clark County Superior Court showing the file stamp of Scott G. Weber, Clerk Clark Co."

4.) It is likewise undisputed pursuant to CR 8 (d) that the ("Movant") Federal National Mortgage Association on page 2 of it's 2nd Motion for Relief from Stay regarding my real property located 360 Mast Northwest Drive, Ocean Shores, Washington 98569, has committed a second count of perjury in violation of "**18 USC § 1621** and/or has for a second time violated "**18 USC § 1001 (1)(2)(3)**" by preparing, signing and filing said 2nd Motion for Relief from Stay that contains numerous materially false statements fraudulently claiming at lines 1 through 7 that:

> "Debtor's interest in the Property was extinguished by virtue of a trustee's sale held on December 14, 2012. Id. Extinguishment of the Interest is evidenced by the Trustee's Deed. Id. . . . Movants' interest is based on the Trustee's Deed. The Trustee's Deed was issued on or about December 19, 2012 and recorded in the records of Grays Harbor County on December 21, 2012. Id.
> III.Value of the Property
> The property sold at auction for $223, 200.00."

5.) I, Luis Ewing affirmatively deny that the Federal National Mortgage Association and/or GMAC Mortgage, LLC, is the owner of either of my real property's commonly described as 34218 S.E. 22nd Way, Washougal, Washington 98671, and 360 Mast Northwest Drive, Ocean Shores, Washington 98569, on the grounds that neither the Federal National Mortgage Association, Wells Fargo or GMAC Mortgage, LLC or any "authorized agents" or "attorneys" physically attended or otherwise appeared in person on any of their behalf's and . . . "bid at the trustee sale" . . . as required by RCW 61.24.070 (1) and (2).

6.) I, Luis Ewing, affirmatively deny that the Federal National Mortgage Association and/or GMAC Mortgage, LLC is the owner of either of my real property's commonly described as 34218 S.E. 22nd Way, Washougal, Washington 98671, and 360 Mast Northwest Drive, Ocean Shores, Washington 98569, on the grounds that neither the Federal National Mortgage Association Wells Fargo or GMAC Mortgage, LLC or any "authorized agents" or "attorneys" on their behalf's were physically present or otherwise bid "at trustee" sale and further, all three (3) names parties failed to personally "request" the trustee to . . . "credit toward the beneficiary's bid all or any part of the monetary obligations secured by the deed of trust" . . . as required by RCW 61.24.070 (1) and (2).

7.) I, Luis Ewing, affirmatively deny that the Federal National Mortgage Association and/or GMAC Mortgage, LLC are the owners of either of my real property's commonly described as 34218 S.E. 22nd Way, Washougal, Washington 98671, and 360 Mast Northwest Drive, Ocean Shores, Washington 98569, on the grounds that neither the Federal National Mortgage Association or any of it's "authorized agents" or "attorneys" have any authority under RCW 61.24.070 (2) to "request" the trustee to . . . "credit toward the beneficiary (Wells Fargo's) or (GMAC Mortgage, LLC's) bid all or any part of the monetary obligations secured by the deed

of trust" . . . because it is undisputed pursuant to CR 8 (d) that RCW 61.24.070 (2) specifically

provides that only . . . "the beneficiary" . . . (The Trustee of the Securitization Trust) (The Real

Party in Interest) . . . can lawfully "request" that the trustee to "credit toward the beneficiary's

bid all or any part of the monetary obligations secured by the deed of trust." RCW 61.24.070

(2), supra.


8.) I, Luis Ewing affirmatively deny that either the Federal National Mortgage

Association, Wells Fargo or GMAC Mortgage, LLC or any "authorized agents" or "attorneys"

on either one of their behalf's . . . "bid at the trustee sale" . . . as required by RCW 61.24.070 (1)

and (2).


9.) I, Luis Ewing affirmatively deny that (Wells Fargo) and/or (GMAC Mortgage, LLC)

who both fraudulently purport to be RCW 61.24.005 (2) and RCW 61.24.030 (7)(8)

"beneficiary's" ever requested the trustee to credit toward (Wells Fargo) and/or (GMAC

Mortgage, LLC), the alleged RCW 61.24.005 (2) and RCW 61.24.030 (7)(8) "beneficiary's bid

all or any part of the monetary obligations secured by the deed of trust" . . . as required by RCW

Case 13-47136-PBS    Doc 32    Filed 01/28/14    Ent. 01/28/14 16:51:28    Pg. 6 of 35

61.24.070 (1) and (2), because they were not physically present and did not bid "at the trustee sale" as required by RCW 61.24.070 (1).

10.) I, Luis Ewing affirmatively deny that . . . "The Trustee for the Securitization Trust's" . . . for either of my two (2) real properties commonly described as 34218 S.E. 22nd Way, Washougal, Washington 98671, and 360 Mast Northwest Drive, Ocean Shores, Washington 98569, ever requested the trustee to credit toward it's bid all or any part of the monetary obligations secured by the deed of trust" . . . as required by RCW 61.24.070 (1) and (2).

11.) It is undisputed pursuant to CR 8 (d), that I, Luis Ewing was the "one (1)" and "only" bidder that was physically present at both sales, therefore, I have the "highest" legal and equitable rights under Section 538 of CHAPTER XLVI OF THE CODE OF EIGHTEEN HUNDRED AND EIGHTY ONE to request this court to grant me a Quiet Title to both properties.

12.) The defendant argues that because the defendant is pro-se, the Court has a higher standard of review when faced with a motion to dismiss, White v. Bloom, 621 F.2d 276 makes

Case 13-47136-PBS    Doc 32    Filed 01/28/14    Ent. 01/28/14 16:51:28    Pg. 7 of 35

this point clear and states: A court faced with a motion to dismiss a pro-se complaint must read the complaint's allegations expansively, <u>Haines v. Kerner</u>, 404 U.S. 519, 520-521, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972), and take them as true for purposes of deciding whether they state a claim. <u>Cruz v. Beto</u>, 405 U.S. 319, 322, 92 S.Ct. 1079, 1081, 31 L.Ed.2d 263 (1972).

A.    THE   PURPORTED   PLAINTIFF   FEDERAL   NATIONAL MORTGAGE ASSOCIATION IS NOT THE REAL PARTY IN INTEREST PURSUANT TO RULE 17.

The Plaintiff Federal National Mortgage Association does not qualify as the real party in interest in violation of Rules 7017 and 9014. It neither has beneficial interest in the note, nor could it enforce the note in its own right because the note has been separated from the Deed of Trust and sold into a Securitization Trust so many times, that it would be impossible for the Plaintiff Federal National Mortgage Association to claim it is or was the holder of the note. As noted in <u>In re Hwang</u>, 396 B.R. 757, 766-67 (Bankr. C.D. Cal 2008), Rule 4001 makes stay relief

a contested matter by providing that Rule 9014 governs. That rule in turn applies 7017, imposing FRCP 17's requirement that actions be prosecuted in the name of the real party in interest.

Rule 17 of the Federal Rules of Civil Procedure provides: "An action must be prosecuted in the name of the real party in interest."

Rule 17 provides in relevant part:

> "(a) Real Party in interest.
> (1) Designation in General. An action must be prosecuted in the name of the real party in interest . . .
> (3) Joinder of the Real Party in Interest.
> The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action. After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest." And;

Similarly, Washington State Court Rule 17 reads:

> "(a) <u>Real Party in Interest. Every action shall be prosecuted in the name of the real party in interest</u>. An executor, administrator, guardian, bailee, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute may sue in his own name without joining with him the party for whose benefit the action is brought. No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest."

The purpose of this rule is to require that an action be brought "in the name of the party who possesses the substantive right being asserted under the applicable law. . . ." 6A WRIGHT, MILLER & KANE, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2nd § 1541 (1990) ("WRIGHT").

Under Ninth Circuit law, the real party in interest is the party with the right to sue or enforce a claim under the applicable substantive law. See, e.g., U-Haul Int'l, Inc. v. Jartran, Inc., 793 F.2d 1034, 1038 (9th Cir. 1986); Allstate Ins. Co. v. Hughes, 358 F.3d 1089, 1094 (9th Cir. 2004); American Tritcale, Inc. v. Nytco Services, Inc., 664 F.2d 1136, 1141 (9th Cir. 1981).

At common law, all actions had to be brought in the name of the person holding legal title to the right asserted, and individuals possessing only equitable or beneficial interests could not sue in their own right. See generally Clark & Hutchins, The Real Party in Interest, 34 Yale L.J. 259 (1925); 6A Wright, Miller & Kane, Federal Practice and Procedure, Section 1541 (2010).

"[T]he right to enforce a note on behalf of a noteholder does not convert the noteholder's agent into a real party in interest. "As a general rule, a person who is an attorney-in-fact or an agent

Page: 10 of 35

solely for the purpose of bringing suit is viewed as a nominal rather than a real party in interest and will *be required to litigate in the name of his principal rather than in his own name.*" <u>Hwang</u>, 396 B.R. at 767, quoting 6A Wright, Miller & Kane, Federal Practice and Procedure: Civil 2nd § 1553." <u>In re</u> <u>Jacobsen</u>, 402 B.R. 359 (2009). And;

The real party in interest in relief from stay is whoever is entitled to enforce the obligation

sought to be enforced. Even if a servicer or agent has authority to bring the motion on behalf of

the holder, it is the holder, rather than the servicer, which must be the moving party, and so

identified in the papers and in the electronic docketing done by the moving party's counsel.

It follows that orders granting relief from stay must do so to the holder of the obligation to

be enforced – not the servicer or others, or the collective "Movant," as in the motions for relief

of stay and proposed orders submitted by the Federal National Mortgage Association.

The party seeking relief . . . "must assert his own legal rights and interests, and cannot rest

his claim to relief on the legal rights or interests of third parties." <u>Valley Forge</u>, 454 U.S. at 760

(citing <u>Warth v. Seldin</u>, 422 U.S. 490, 501 (1975); <u>Gladstone, Realtors v. Village of Bellwood</u>,

441 U.S. 91, 100 (1979); Duke Power Co. v. Carolina Environmental Study Group, Inc., 438

U.S. 59, 80 (1978); Singleton v. Wulff, 428 U.S. 106, 113-114 (1976).

If the Federal National Mortgage Association's motion(s) had any merit, the standing

deficiency could be cured by identification and joinder of all the real parties in interest who have

purchased and paid off the note in full in the securitization trust, as FRCP 17 (a)(3), applicable

via Rules 9014 and 7017 allows. As will be seen, joinder would not salvage the Federal

National Mortgage Association's motion for relief from stay.

B.     REAL PARTY IN INTEREST AFTER SECURITIZATION

If a loan has been securitized, the real party in interest is the trustee of the securitization

trust, not the servicing agent.   LaSalle Bank N.A. v. Nomura, Asset Capital Corp., 180

F.Supp.2d 465, 469-71 (S.D.N.Y.2001) ("LaSalle-Nomura"); accord, LaSalle Bank N.A. v.

Lehman Bros. Holdings, Inc., 237 F.Supp.2d 618, 631-34 (D.Md2002) ("LaSalle-Lehman"); In

re Kang Jin Hwang, 396 B.R. 757, at 766-767 (Bkrtcy.C.D.Cal. 2008).

The Hwang court went on to say at pages 766 to 767 that:

"In the LaSalle-Nomura case, the bank brought an action against Nomura Asset Capital Corp., the asset securitization trustee, "as Trustee for Certificate Holders of Asset Securitization Corporation Commercial Mortgage Pass-Through Certificates, Series, 1997-D5." Defendants moved to dismiss on the grounds that the real party in interest, pursuant to Rule 17, was the mortgage servicer. In denying the motion, the court found that the real party in interest was the trustee of the trust (the plaintiff in the case), and not its loan servicer (which had not been joined in the litigation). LaSalle-Nomura, 180 F.Supp.2d at 469-71. . . . In this case, although it is most likely that the note here at issue has been included in a securitization, IndyMac has refused to provide any information about the owner of the note, to join the owner as a moving party, or to provide copies of any of the relevant contracts. Because IndyMac has not provided the relevant documents, the court cannot determine the identity of the real party in interest. Cf. In re Viencek, 273 B.R. 354, 357-59 (Bankr.N.D.N.Y.2002) (requiring that servicing agent amend a proof of claim to identify the owner of the claim). If the note is part of a securitization, the burden of joining the owner of the note is not substantial. A securitization *typically involves the creation of a trust, the appointment of a trustee, a transfer to the trust of some ten thousand secured real estate notes* (such as the one involved in this case) and the sale of interests in the trust to a substantial number of investors. See generally, Katherine Porter, Misbehavior and Mistake in Bankruptcy Mortgage Claims, 87 TEX. L.REV. 121, 126-28 (2008). The trustee of the trust is authorized, pursuant to trust law, to act on behalf of the trust. Thus only the trustee, and not the investors, should be joined as owner of the note at issue. Indeed, this is exactly what happened in both LaSalle-Nomura and LaSalle-Lehman." In re Kang Jin Hwang, 396 B.R. 757, at 766-767 (Bkrtcy.C.D.Cal. 2008). And;

## C.   STANDING

The Federal National Mortgage Association has submitted no evidence that it is authorized

to act for whomever holds the note(s). That deficiency puts its standing in question, See In re

Parrish, 326 B.R. 708, 720-21 (Bankr. N.D. Ohio 2005). This court has an independent duty to

determine whether the Federal National Mortgage Association has standing to seek relief from

stay. FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 231 (1990). Further, this court has the

authority to raise sua sponte the Rule 17 issue pursuant to the well settled principles of law as

stated in In re Bear Stearns High Grade Structured Credit Strategies Master Fund, Ltd., 389 B.R.

325, 335 (S.D.N.Y.2008) where the district court quoted this statement from Judge Learned

Hand:

> "The governing principle on this issue was articulated more than sixty years ago by Judge Learned Hand, perhaps the most distinguished U.S. jurist who never sat on the U.S. Supreme Court. Judge Hand stated: "A judge is more than a moderator; he is charged to see that the law is properly administered, and it is a duty which he cannot discharge by remaining inert." United States v. Marzano, 149 F.2d 923, 925 (2d Cir.1945)." In re Kang Jin Hwang, 396 B.R. 757, at 769 (Bkrtcy.C.D.Cal. 2008). And;

See also Weissman v. Weener, 12 F.3d 84, 85-86 (7th Cir.1993) (affirming the district

court's authority raising sua sponte the Rule 17 issue.

1.     Law: For a court to have jurisdiction, the litigant must have constitutional

standing, which requires an injury fairly traceable to the defendant's allegedly unlawful conduct

and likely to be redressed by the requested relief. United Food & Commercial Workers Union

Local 751 v. Brown Group, Inc., 517 U.S. 544, 551 (1996).

"In its constitutional dimension, standing imports justiciability: whether the plaintiff has made out a 'case or controversy' between himself and the defendant within the meaning of Art. III." In re Kang Jin Hwang, 396 B.R. 757, at 768 (Bkrtcy.C.D.Cal. 2008). And;\

"[T]he question of standing is whether the litigant is entitled to have the court to decide the merits of the dispute or of particular issues. Standing doctrine embraces several judicially self-imposed limits on the exercise of federal jurisdiction, such as the general prohibition on a litigant's raising another person's legal rights . . .
Typically. . . the standing inquiry requires careful judicial examination of a complaint's allegations to ascertain whether the particular plaintiff is entitled to an adjudication of the particular claims asserted." Allen v. Wright, 468 U.S. 737, 750-752 (1984).

Similarly, the United States Supreme Court observed in Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 102, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998), that "[s]tanding to sue is part of the common understanding of what it takes to make a justiciable case."

The U.S. Supreme Court has stated the standing requirement as follows:

"To qualify for standing, a claimant must present an injury that is concrete, particularized, and actual or imminent; fairly traceable to the defendant's challenged behaviour; and likely to be redressed by a favorable ruling." Davis v. Fed. Election Comm'n, ___ U.S. ___, 128 S.Ct. 2759, 2768, 171 L.Ed.2d 737 (2008)." In re Kang Jin Hwang, 396 B.R. 757, at 768-769 (Bkrtcy.C.D.Cal. 2008). And;

Because standing to sue is required to invoke the jurisdiction of the court, "standing is to be determined as of the commencement of suit." Lujan v. Defenders of Wildlife, 504 U.S. 555, 570-571, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992), fn. 5; see also Friends of the Earth, Inc. v.

Laidlaw Environmental Servs. (TOC), 528 U.S. 167, 180, 120 S.Ct. 693, 145 L.Ed.2d 610

(2000); Nova Health Sys. v. Gandy, 416 F.3d 1149, 1154-1155 (10th Cir. 2005); Focus on the

Family v. Pinellas Suncoast Transit Auth., 344 F.3d 1263, 1275 (11th Cir. 2003); Perry v.

Arlington Hts., 186 F.3d 826, 830 (7th Cir. 1999); Carr v. Alta Verde Industries, Inc., 931 F.2d

1055, 1061 (5th Cir. 1991).

The United States Bankruptcy Court in California in the In re Kang Jin Hwang case held

that the . . . "plaintiff must show that it is the holder of the note and the mortgage at the time the

complaint was filed" . . . and reads:

> "Thus IndyMac must be the holder of the note to entitle it to enforce the note (including bringing this relief from stay motion). Accord, In re Foreclosure Cases, 521 F.Supp.2d 650, 653 (S.D. Ohio 2007) ("To show standing the plaintiff must show that it is the holder of the note and the mortgage at the time the complaint was filed."). In re Kang Jin Hwang, 396 B.R. 757, at 764 (Bkrtcy.C.D.Cal. 2008). And;

Further, invoking the jurisdiction of the court "depends on the state of things at the time of

the action brought," Mullan v. Torrance, 22 U.S. 537, 539, 9 Wheat. 537, 6 Led. 154 (1824), and

the Supreme Court has observed that "[t]he state of things and the originally alleged state of

things are not synonymous; demonstration that the original allegations were false will defeat

jurisdiction." Rockwell Internatl. Corp. v. United States, 549 U.S. 457, 473, 127 S.Ct. 1397, 167

L.Ed.2d 190 (2007).

Thus, "[p]ost-filing events that supply standing that did not exist on filing may be

disregarded, denying standing despite a showing of sufficient present injury caused by the

challenged acts and capable of judicial redress." 13A Wright, Miller & Cooper, Federal Practice

and Procedure 9, Section 3531 (2008); see Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S.

567, 575, 124 S.Ct. 1920, 158 L.Ed.2d 866 (2004), quoting Caterpillar Inc. v. Lewis, 519 U.S.

61, 75, 117 S.Ct. 467, 136 L.Ed.2d 437 (rejecting argument that "finality, efficiency, and judicial

economy'" can justify suspension of the time-of-filing rule); Utah Assn. of Counties v. Bush,

455 F.3d 1094, 1101, and fn. 6 (10th Cir. 2006) (a plaintiff cannot rely on injuries occurring after

the filing of the complaint to establish standing).

This principle accords with decisions from other states holding that standing is determined

as of the filing of the complaint. See, e.g., Deutsche Bank Natl. Trust v. Brumbaugh, 2012 OK

3, 270 P.3d 151, ("If Deutsche Bank became a person entitled to enforce the note as either a

holder or nonholder in possession who has the rights of a holder after the foreclosure action was

filed, then the case may be dismissed without prejudice * * *); U.S. Bank Natl. Assn. v. Kimball,

190 Vt. 210, 100 VT 81, 27 A.3d 1087, ("U.S. Bank was required to show that at the time the

complaint was filed it possessed the original note either made payable to bearer with a blank

endorsement or made payable to order with an endorsement specifically to U.S. Bank."

Constitutional standing, predicated on the "case or controversy" requirement of Article III

of the Constitution, is a threshold jurisdictional requirement, and cannot be waived. Pershing

Park Villas Homeowners Ass'n v. United Pacific Ins. Co., 219 F.3d 895, 899-900 (9th Cir. 2000).

"Standing is a "threshold question in every federal case, determining the power of the court to
entertain the suit." Warth v. Seldin, 422 U.S. 490, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975). Hence, "a

defect in standing cannot be waived; it must be raised, either by the parties or by the court, whenever it becomes apparent." U.S. v. AVX Corp., 962 F.2d 108, 116 n. 7 (1st Cir.1992)." In re Kang Jin Hwang, 396 B.R. 757, at 768 (Bkrtcy.C.D.Cal. 2008). And;

A litigant must also have "prudential standing," which stems from rules of practice limiting the exercise of federal jurisdiction to further considerations such as orderly management of the judicial system. Pershing Park, 219 F.3d at 899-900; In re Godon, 275 B.R. 555, 564-565 (Bankr. E.D. Cal. 2002) (citing Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541-42 (1986).

Generally, a party without the legal right under applicable substantive law to enforce the obligation at issue, or pursuing an interest outside those protected by the law invoked or abstract questions more appropriately addressed legislatively, lacks prudential standing. Doran v. 7-Eleven, 524 F.3d 1034, 1044 (9th Cir. 2008).

Under the Bankruptcy Code, a party seeking relief from stay must establish entitlement to that relief. § 362 (d); see In re Hayes, 393 B.R. 259, 266-267 (Bankr. D. Mass. 2008).

Foreclosure agents and servicers do not automatically have standing. In re Scott, 376 B.R. 285, 290 (Bankr. D. Idaho 2007); Hwang, 396 B.R. at 767, and must show authority to act for the party which does.

In Washington, only the holder of the obligation secured by the deed of trust is entitled to foreclose. RCW 61.24.005 (2) defines "beneficiary" under a deed of trust as the holder of the instrument or document evidencing the obligations secured by the deed of trust." See also Fidelity & Deposit Co. of Maryland v. Ticor Title Ins. Co., 88 Wash. App. 64, 943 P.2d 710 (1997). Having an assignment of the deed of trust is not sufficient, Fidelity, supra, at 68-69, because the security follows the obligation secured, rather than the other way around. This principle is neither new nor unique to Washington:

> "[T]ransfer of the note carries with it the security, without any formal assignment or delivery, or even mention of the later." Carpenter v. Longan, 83 U.S. 271, 275 (1872).

It follows that, to have standing, Federal National Mortgage Association must establish its

authority to act for the holder of the Debtor's note.

2.    Evidence:    Some courts require a party moving for stay of relief to provide

admissible evidence tracing the identity of the various holders of the note evidencing the

underlying obligation.

> "Competent evidence is required so that "the truth may be ascertained and proceedings justly determined." FED. R. EVID. 102. Questions concerning the admissibility of evidence are determined by the court. See id. 104(a)." In re Vargas, 396 B.R. 511, at 521 (Oct. 21, 2008). And;

See Hayes, 393 B.R. at 269; and Parrish, 326 B.R. at 720-21. Luis Ewing need not here go

so far, because the Federal National Mortgage Association has provided no proof that it

presently held the Debtor's note(s) before issuing the notice(s) of both trustee sale(s) for both

houses in Washougal and Ocean Shores in direct violation of RCW 61.24.030 (7). Here the

plaintiff Federal National Mortgage Association has submitted defective "unsworn

declaration(s)" allegedly signed by one Kristen Regier, Bankruptcy specialist that purports to be

signed "under the penalty of perjury", however, said declaration was not "acknowledged" by a notary in violation of RCW 42.44.080 et seq., RCW 42.44.010 (4)(5), RCW 5.28.10, RCW 2.28.010, RCW 2.28.060, CR 43 (D)(1)(A), RCW 9A.75.085, Washington Court Rule GR 13 (a) and 28 USC § 1746. "These elements must be established by the testimony of a custodian or other qualified witness, and the documents must be authenticated. In re Vinhee, 336 B.R. 437, 444 (9th Cir. BAP 2005)." In re Jacobson, 402 B.R. 359, at 368 (Bkrtcy.W.D.Wash. 2009).

"Birch Bay maintains that the trial court should have granted the writ application under RCW 7.16.050, although it was neither verified nor accompanied by an affidavit as that statute requires, because the signature of its attorney is sufficient to meet the affidavit requirement. RCW 7.16.050 sets forth the requirements for writs: The application must be made on affidavit by the party beneficially interested, and the court may require a notice of the application to be given to the adverse party, or may grant an order to show cause why it should not be allowed, or may grant the writ without notice. [3] While Washington courts have been willing to interpret this language flexibly with respect to the affidavit requirement, no case supports as broad a reading as Birch Bay urges upon this court. The Washington Supreme Court for example, has held that a verified complaint satisfies the affidavit requirement for a certiorari petition under RCW 7.16.050. Gordon v. Seattle-First Nat'l Bank, 49 Wn.2d 728, 306 P.2d 739 (1957). However, "[v]erification requires a swearing to the truthfulness of the document by the signor and the mere signature of counsel alone, as allowed by CR 11, is not in compliance with [the applicable statute requiring petition for a writ to be verified by petitioner or his counsel]." State v. Holland, 7 Wn.App. 676, 680, 501 P.2d 1243 (1972). . . . Birch Bay argues that an unsworn statement is sufficient to satisfy the affidavit requirement if RCW 7.16.050 is read in conjunction with GR 13, which permits execution of affidavits in accordance with RCW 9A.72.085. The argument is without merit. RCW 9A.72.085 only permits the substitution of an unsworn written statement for an affidavit if, among other requirements, that statement "[r]ecites that it is certified or declared by the person to be true under penalty of perjury". (Italics ours.) Because the attorney's signature pursuant to CR 11 is not made under penalty of perjury, RCW 9A.72.085 does not salvage the writ." Birch Bay Sales v. Whatcom County, 65 Wn.App. 739, 744-745, 829 P.2d 1109 (March 23, 1992). And;

"Their attorney's statement was not an affidavit. It was not sworn to under oath. Adickes v. S.H. Kress & Co., 398 U.S. 144, 158 N. 17, 90 S.Ct. 1598, 1608 n. 17, 26 L.Ed.2d 142 (1970), and gave no facts within the personal knowledge of the affiant, see Automatic Radio Manufacturing Co. v.

Hazeltine Research, Inc., *339 U.S. 827, 831, 70 S.Ct. 894, 896, 94 L.Ed. 1312 (1950), overruled on other grounds, Lear, Inc. v. Adkins, 395 U.S. 653, 89 S.Ct. 1902, 23 L.Ed.2d 610 (1969).* When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegation or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him. Fed.R.Civ.P. 56(e). Even in the absence of opposing affidavits, summary judgment is inappropriate where the movant's papers are insufficient on their face. See Hamilton v. Keystone Corp., 539 F.2d 684, 686 (9th Cir.1976)." White By White v. Pierce County, 797 F.2d 812, at 814-815 (9th Cir. 1986). And;

"A certified copy of a public record must be made "by the custodian or other person authorized to make the certification. . . ." FED.R.EVID. 902(4)." In re Vargas, 396 B.R. 511, at 521 (Oct. 21, 2008). And;

## D.    CONTRASTING STANDING WITH THE REAL PARTY IN INTEREST.

"In context of relief from the automatic stay, the requirements of standing and real party in interest are often confused because of the similarity in language between § 362(d) and Rule 17 of the Federal Rules of Procedure. Section 362(d) provides that relief from stay shall be granted "[O]n request of a party interest." In re Kang Jin Hwang, 396 B.R. 757, at 769 (Bkrtcy.C.D.Cal. 2008).

The Hwang court went on to say at page 769 that:

"The real party in interest" requirement, on the other hand, is generally regarded as one of many "prudential" considerations that have been "judicially engrafted onto the Article III requirements

for standing." See. e.g., In re Village Rathskeller, 147 B.R. 665, at 668 (Bankr. S.D.N.Y.1992). To obtain relief in federal court, a party must meet both the constitutional requirements (standing) and the prudential requirements (including real party in interest). Morrow v. Microsoft Corp., 499 F.3d 1332, 1339 (Fed.Cir.2007); see also Village Rathskeller, Inc., 147 B.R. at 668 (citing Warth v. Seldin, 422 U.S. 490, 498, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975) for the proposition that "[t]he concept of standing subsumes a blend of constitutional requirements and prudential considerations")." In re Kang Jin Hwang, 396 B.R. 757, at 769 (Bkrtcy.C.D.Cal. 2008). And;

After holding that in order for a party to obtain relief in federal court, a party must meet

both the constitutional requirements (standing) and the prudential requirements (including real

party in interest), the Hwang court at page 769 went on to say that . . . "a party may have

standing–having suffered an "injury in fact"–but this does not make it the real party in interest.

See, e.g., Whelan v. Abell, 953 F.2d 663, 672 (D.C.Cir.1992). Conversely, a party may be the

real party in interest, but lack standing. See, e.g., Davis v. Yageo Corp., 481 F.3d 661 (9th

Cir.2007)." In re Kang Jin Hwang, 396 B.R. 757, at 769 (Bkrtcy.C.D.Cal. 2008).

E.    ALL HOLDERS OF THE PROMISSORY NOTE(S) MUST JOIN IN MOTION

FOR RELIEF OF STAY PURSUANT TO 11 U.S.C.A. 362(d), THEREFORE,

JOINDER OF ALL PARTIES INCLUDING THE TRUSTEES OF THE

SECURITIZATION TRUST(S) ARE REQUIRED UNDER RULE 19.

Rule 17 is not the end of the procedural difficulties before the court. The Federal National

Mortgage Association . . . "must also comply with the joinder requirements of Rule 19 by

bringing before the court 'every person with an interest in the note'." In re Kang Jin Hwang, 396

B.R. 757, at 770 (Bkrtcy.C.D.Cal. 2008).

See also 11 U.S.C.A. 362(d) which requires all holders of the Promissory Note(s) in the

Securitization Trust(s) to join in motion for relief from stay.f

Similarly, the Vargas court stated at page 516 that:

> "While there is no comparable rule in the Federal Rules of Bankruptcy Procedure, Local Rule
> 1002-1(a)(8) fills in this gap by specifying what must be stated on the title (or first) page of all papers
> filed in this court. Rule 1002-1(a)(8)(D) states: "The names of the parties shall be placed below the
> title of the court and to the left of center. . . ." In re Vargas, 396 B.R. 511, at 516 (Oct. 21, 2008).
> And;

Pursuant to Rule 9014(c), the defendant directs that Rule 7019 (incorporating by reference

Rule 19 of Federal Rules of Civil Procedure) applies to the Motion for Relief from Automatic

Case 13-47136-PBS    Doc 32    Filed 01/28/14    Ent. 01/28/14 16:51:28    Pg. 25 of 35

Stay brought by Federal National Mortgage Association ("Movant"), and further requests this

court to Order the Plaintiff Federal National Mortgage Association identify all undisclosed

owners of the note here at issue be joined as a party to this motion pursuant to Rule 19(a)(2).

The defendant also respectfully requests this court to Order the Plaintiff Federal National

Mortgage Association to comply with Rule 19(c) and to state the name of each and every

individual for each and every time the note has been split and sold in the securitization trust and

the reasons for not previously joining that person.

"Rule 17 must be interpreted together with Rule 19, which requires the joinder of parties in
appropriate circumstances. See 6A WRIGHT § 1543." In re Kang Jin Hwang, 396 B.R. 757, at 770
(Bkrtcy.C.D.Cal. 2008). And;

The Federal National Mortgage Association has failed to satisfy the required joinder of

every person with an interest of the note in violation of Rule 19 (a)(1)(B)(i).

"Joinder of a person under Rule 19 is required whenever nonjoinder would produce one of the
following effects: (a) nonjoinder prevents complete relief from being accorded among those who are
parties to the action and is so situated that disposing of the matter in that person's absence may (i) as a

practical matter impair or impede that person's ability to protect the interest, or (ii) leave an existing party subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations because of that parties interest." In re Kang Jin Hwang, 396 B.R. 757, at 770 (Bkrtcy.C.D.Cal. 2008). And;

*Rule 19 provides in relevant part:*

> "RULE 19. REQUIRED JOINDER OF PARTIES
> (a) Persons Required to Be Joined if Feasible.
> (1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
> (i) as a practical matter impair or impede the person's ability to protect the interest; or
> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.
> (2) Joinder by Court Order. If a person has not been joined as required, the court must order that the person be made a party. A person who refuses to join as a plaintiff may be made either a defendant or, in a proper case, an involuntary plaintiff.
> (3) Venue. If a joined party objects to venue and the joinder would make venue improper, the court must dismiss that party.
> (b) When Joinder Is Not Feasible. If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed. The factors for the court to consider include:
> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
> (2) the extent to which any prejudice could be lessened or avoided by:
> (A) protective provisions in the judgment;
> (B) shaping the relief; or
> (C) other measures;
> (3) whether a judgment rendered in the person's absence would be adequate; and
> (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.
> (c) Pleading the Reasons for Nonjoinder. When asserting a claim for relief, a party must state:
> (1) the name, if known, of any person who is required to be joined if feasible but is not joined; and
> (2) the reasons for not joining that person.
> (d) Exception for Class Actions. This rule is subject to Rule 23.
> Notes
> (As amended Feb. 28, 1966, eff. July 1, 1966; Mar. 2, 1987, eff. Aug. 1, 1987; Apr. 30, 2007, eff. Dec. 1, 2007.)." And;

The Hwang case held at page 771 that . . . "It is the (b)(I) alternative that applies in this case. Proceeding with relief from stay without the joinder of the owner of the note makes it impossible (and impractical) to protect the interest of the real owner(s) with respect to the note here at issue." In re Kang Jin Hwang, 396 B.R. 757, at 770 (Bkrtcy.C.D.Cal. 2008).

"Indeed, the protection of its interest is particularly problematic, given that the FDIC has taken over IndyMac, and the real owner may be reduced to making a claim in the IndyMac receivership instead of collecting on the note." In re Kang Jin Hwang, 396 B.R. 757, at 771 (Bkrtcy.C.D.Cal. 2008). And;

F.   THE DEBTOR/DEFENDANT LUIS EWING HAS A CLAIM FOR WRONGFUL FORECLOSURE/IRREGULARITIES AND ILLEGAL/UNLAWFUL COMMENCEMENT OF UNLAWFUL DETAINER & EVICTION PROCEEDINGS AGAINST MOVING PLAINTIFF.

1.   The Federal National Mortgage Association is not and has never been the holder and owner of the alleged underlying debt(s) and does not qualify as a beneficiary under the Deed of Trust Act.

RCW 61.24, et seq., provides the beneficiary of a deed of trust a number of important rights. Specifically, only the beneficiary can declare a default (RCW 61.24.030) or appoint a successor trustee (RCW 61.24.010). While RCW 61.24.005 (2) defines the beneficiary as the "holder" of the instrument or document evidencing the obligations secured by the deed of trust," the mere status as "holder" of the obligation is not enough. See Fidelity & Deposit Co. of Maryland v. Ticor Title Ins. Co., 88 Wash. App. 64, 943 P.2d 710 (1997) and In re Jacobsen, 402 B.R. 359 (Bankr. W.D. Wash. 2009).

RCW 61.24.030 provides in pertinent part, as follows:

"It shall be requisite to a trustee's sale:
* * *
" (7)(a) That, for residential real property, before the notice of trustee's sale is recorded, transmitted, or served, **the trustee shall have proof that the beneficiary is the owner of any promissory note** or other obligation secured by the deed of trust. A declaration by the beneficiary made under the penalty of perjury stating that **the beneficiary is the actual holder of the promissory note** or other obligation secured by the deed of trust shall be sufficient proof as required under this subsection."

(b) Unless the trustee has violated his or her duty under RCW 61.24.010(4), the trustee is entitled to rely on **the beneficiary's declaration** as evidence of proof required under this subsection.

* * *

" (8) That at least **thirty days before notice of sale shall be recorded**, transmitted or served, written notice of default shall be transmitted by the beneficiary or trustee to the borrower and grantor at their last known addresses by both first-class and either registered or certified mail, return receipt

requested, and the beneficiary or trustee shall cause to be posted in a conspicuous place on the premises, a copy of the notice, or personally served on the borrower and grantor. This notice shall contain the following information:

* * *

" (l) In the event the property secured by the deed of trust is residential real property, **the name** and address **of the owner of any promissory notes** or other obligations secured by the deed of trust and the name, address, and telephone number of a party acting as a servicer of the obligations secured by the deed of trust; and . . ." And;

Based upon the plain language of RCW 61.24.030 (7)(a), it is not enough to merely "hold"

the obligation: the "holder" must also be the "owner" of the obligation. RCW 61.24.030 (7);

Bain v. Metropolitan Mortgage, et al., 175 Wn.2d 83, 93-94, 285 P.3d 34 (2012).

It has become farcical to see retained counsel for mortgage servicers walk into court

holding what may or may not be arguably the borrower's original note, endorsed in blank with

an undated rubber stamp, and for counsel to parade the note around the court room, like a

wooden image of Jesus in a Basque Easter festival, believing the note, signed in blank, gives the

servicer any status whatsoever to enforce the obligation or initiate non-judicial foreclosure

proceedings, without express authority from the true and lawful owner/holder of the note and

deed of trust. See In re Jacobsen, 402 B.R. 359 (2009). RCW 61.24.030 (7) clearly demands

more than mere possession of the note. Northwest Trustee Services has frequently argued before

the Federal Court's that under RCW 61.24.030 (7)(b), they have the right to rely on the

"beneficiary's declaration," but they ignore the duty clearly set in RCW 61.24.030 (7)(a) that

they have "proof" that the beneficiary is the owner of any promissory note" . . . "before" . . .

"issuing the notice of trustee's sale."

The Federal National Mortgage Association has not shown that it has standing to bring the

motion for relief from stay or authority to act for whomever does.

The purported and fraudulent and non-existent sale to the Federal National Mortgage

Association was unlawful and should be declared void. RCW 61.24.040 (6); See also

Homeowners Solutions, LLC v. Nguyen, 148 Wn.App. 545, 200 P.3d 743 (2009) (tax

foreclosure that did not comply with statutory requirements renders the foreclosure and

subsequent deed void). See also Albice v. Premier Mortg. Serv. of Wash., Inc., 174 Wn.2d 560,

568, 276 P.3d 1277 (2012) (quieting title in favor of defendants after a foreclosure after trustee exceeded his powers).

G.     CONCLUSION AND PRAYER FOR RELIEF

WHEREFORE, Debtor/Defendant prays for the following relief:

That the Motions for Relief from Stay must be denied on three separate grounds. First the motion improperly attempts to obtain relief for unidentified parties specifically . . . "The Trustee(s) of the Securitization Trust(s)" . . . in violation of the rule requiring disclosure of all parties appearing before the court. Second, the Federal National Mortgage Association has not shown that it has standing to bring the motion for relief from stay or authority to act for whomever does, and, Third, the only evidence supporting the motion is provided by an attorney identified as one Lance Olsen, WSBA#25130 who is not a witness and has no CR 56 (e) or ER 609 first hand personal knowledge and therefore is incompetent to provide any relevant evidence, said attorney Lance Olsen is allegedly employed by RCO LEGAL, P.S., who has

played "musical attorneys" by switching or assigning a different attorney to appear at every

stage of the proceedings in both the Clark County Superior Court and the Grays Harbor County

Superior Court.

For declaratory relief, declaring the actions of the above-named Plaintiff against

Defendant's to be void and unlawful and that judgment be entered the Plaintiffs, jointly and

severally, for all damages directly and proximately caused by the Plaintiff's misconduct, as

alleged herein, in an amount to be proven at trial.

The debtor demands a trial by jury of twelve good men pursuant to under the provisions of

sections 536 through section 550 of *chapter XLVI of the code of eighteen hundred and eighty

one.

That the Plaintiffs unlawful foreclosure and unlawful Writ of Restitution efforts and

Eviction proceedings against the Debtor/Defendant be permanently enjoined.

That the actions of some or all the Plaintiff's be determined to be unfair and deceptive

business practices in violation of RCW 19.86, et seq., and that this Court award all such relief to

Debtor Luis Ewing as he may be entitled, including treble damages and that the debtor Luis

Ewing be awarded consequential damages, including attorney's fees incurred.

That the Debtor Luis Ewing have such other and further relief as may be just and equitable,

including but not limited to an injunction prohibiting any further foreclosure actions.

This Court should grant summary judgment in favor of Luis Ewing. The law should

comport with the common law, the Trust Deed Act Statutes, the Constitutions and the laws of

the State and the Constitution and the laws of the United States. Here, one party followed all the

procedural requirements to purchase property at a foreclosure sale. Another party made a

unilateral mistake in price and that mistake was solely under that party's control. This Court

should not permit the party making the unilateral mistake to avoid its obligation to deliver the

trustee's deed, nor should it permit trustees to upset the finality of foreclosure sales any time it

makes a unilateral error in price, "[c]ourts have universally recognized . . . mere inadequacy of price alone [to be] insufficient reason for setting aside a [foreclosure] sale." Udall v. T.D. Escrow Servs., Inc., 159 Wn.2d 903, at 915, 154 P.3d 882 (March 29, 2007), absent some other procedural irregularities which does not exist in this case.

For the reasons set out above, Luis Ewing respectfully requests that this Court deny the Plaintiffs Motion for Relief of Stay.

Submitted this 28th day of January, A.D. 2014.

_Luis Ewing_ (signature)

Luis Ewing

Note: Please send all correspondence to:

Luis Ewing
34218 S.E. 22nd Way,
(City of) Washougal,
The State of Washington [98671]

Telephone: 1 - (360) 335-1322
E-mail: <rcwcodebuster@aol.com>