```
                    United States Bankruptcy Court
                    Western District of Washington
```

In re:                                                    Case No. 13-47136-PBS
Luis Anthony Ewing                                        Chapter 7
        Debtor                 **CERTIFICATE OF NOTICE**

```
District/off: 0981-3          User: sherrim          Page 1 of 1          Date Rcvd: Feb 27, 2014
                              Form ID: pdfltd         Total Noticed: 1
```

```
Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Mar 01, 2014.
db          +Luis Anthony Ewing,    34218 SE 22nd Way,    Washougal, WA 98671-8793
```

```
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                              TOTAL: 0
```

```
            ***** BYPASSED RECIPIENTS *****
NONE.                                                                              TOTAL: 0
```

```
Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 01, 2014                           Signature:   /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on February 27, 2014 at the address(es) listed below:
            Lance E Olsen    on behalf of Creditor    Federal National Mortgage Association ecf@rcolegal.com
            Russell D. Garrett    on behalf of Trustee Russell D. Garrett russ.garrett@jordanramis.com,
             annette.coyle@jordanramis.com;carolyn.selid@jordanramis.com;rgarrett@ecf.epiqsystems.com
            Russell D. Garrett    russ.garrett@jordanramis.com,
             annette.coyle@jordanramis.com;carolyn.selid@jordanramis.com;rgarrett@ecf.epiqsystems.com
            United States Trustee    USTPRegion18.SE.ECF@usdoj.gov
                                                                         TOTAL: 4
```

**Below is the Order of the Court.**

*Paul B. Snyder*
_____

**Paul B. Snyder**
**U.S. Bankruptcy Judge**
**(Dated as of Entered on Docket date above)**

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

In re:

**LUIS ANTHONY EWING**,

Debtor.

**Case No. 13-47136**

**ORDER DENYING**
**DEBTOR'S MOTIONS**

On February 6, 2014, this Court entered an Order Granting Relief From Stay to Federal National Mortgage Association (FNMA) as to the real property located at 34218 Southeast 22nd Way, Washougal, Washington (Washougal Property) (ECF No. 42) and an Order Granting Relief From Stay to FNMA as to the real property located at 360 Mast Northwest Drive, Ocean Shores, Washington (Ocean Shores Property) (ECF No. 43) (collectively referred to herein as "Properties").

Subsequent to the entry of these Orders, Luis Anthony Ewing (Debtor) filed the following motions: (1) 11 U.S.C. § 105(a) Motion to Reimpose the Automatic Stay (ECF No. 44, duplicate motion filed at ECF No. 49); (2) CR 60(b)(1)(2)(3)(4) and Rule 9024 Motion to Vacate Judgment and Request for Reinstatement of the Original Automatic Stay (ECF No. 45, substantially similar motion filed at ECF No. 50); (3) Application for Temporary Restraining Order Pending Reinstatement of the Original Automatic Stay (ECF No. 47); and (4) CR 59(e) Motion to Alter or Amend and/or CR 59(a)(1)(B) Motion for a New Trial and Additional Request for Reinstatement of the Original Automatic Stay (ECF No. 51) (collectively referred to herein

ORDER DENYING DEBTOR'S MOTIONS - 1

as "Motions"). The Debtor also filed a Memorandum of Law in Support of Debtor's Objection and Response to Plaintiff's Motion for Relief from Stay (ECF No. 48). The Debtor did not note any of the above Motions for hearing.

By way of background, the Debtor filed this Chapter 7 case on November 18, 2013. The case was dismissed on November 29, 2013, for failure to meet the minimum filing requirements. The Debtor filed the required documents and a motion to vacate the dismissal. An Order Vacating Dismissal was entered on December 3, 2013.

On December 11, 2013, FNMA filed a motion for relief from stay regarding the Washougal Property and a motion for relief from stay regarding the Ocean Shores Property on January 6, 2014. Both were noted for hearing on February 4, 2014.

On January 28, 2014, the Debtor filed an objection to the motions for relief from stay. On that same date, the Debtor also filed a Motion for Plaintiff Federal National Mortgage Association to Joinder All Parties as Required by Rule 19 and 11 U.S.C.A. § 362(d) and a Motion for Rescheduling of Feb. 4, 2014 Court Date Due to Possible Conflicting Court Dates in the Kitsap County Superior Court Scheduled for Trial on Feb. 3, A.D. 2014 (Motion to Reschedule). In his Motion to Reschedule, the Debtor asked to reschedule the February 4, 2014 hearing date to the following week.

Both the Debtor and counsel appeared at the February 4, 2014 hearing. The Chapter 7 Trustee was also present at the February 4, 2014 hearing and indicated that he had no objection to granting FNMA's motions.

Based on the arguments presented at the hearing and pleadings filed in this case, the Court rendered an oral decision granting both of FNMA's motions. The orders granting relief from stay were entered on February 6, 2014.

Although not captioned as such, the Court will consider the Motions as seeking relief pursuant to both Fed. R. Civ. P. 60(b) and reconsideration pursuant to Local Rules W.D. Wash.

ORDER DENYING DEBTOR'S MOTIONS - 2

Bankr. 9013-1(h), which incorporates Local Rules W.D. Wash. LCR 7(h). The Court will address each of the Debtor's motions without further oral argument or hearing as allowed by Local Rules W.D. Wash. Bankr. 9013-1(h).

Motions for reconsideration are disfavored and ordinarily will be denied unless the movant establishes manifest error in the court's decision, or new facts or legal authority that could not have been brought to the court's attention earlier with reasonable diligence. Local Rules W.D. Wash. LCR 7(h)(1). The motion shall point out with specificity the matters which the movant believes were overlooked or misapprehended by the Court, any new matters being brought to the Court's attention for the first time, and the particular modifications being sought. Failure to do so, in itself may be grounds for denial. Local Rules W.D. Wash. LCR 7(h)(2).

Fed. R. Civ. P. 60(b) is made applicable to bankruptcy proceedings by Fed. R. Bankr. P. 9024. Fed. R. Civ. P. 60(b) sets forth specific ground for seeking relief from an order or judgment. The burden of proof is on the party seeking relief to establish grounds for Fed. R. Civ. P. 60(b) relief. Cassidy v. Tenorio, 856 F.2d 1412, 1415 (9th Cir. 1988). The Debtor's motion indicates that he is seeking relief pursuant to Fed. R. Civ. P. 60(b)(1), (2), (3) and (4).

The Debtor has failed to meet his burden of establishing that relief from the orders granting relief from stay is warranted under either Local Rules W.D. Wash. Bankr. 9013-1(h) or Fed. R. Civ. P. 60(b). Essentially, the Debtor appears to be arguing that relief from stay is not warranted for the same reasons he put forth in objecting to the original motions. However, motions for reconsideration that merely revisit the same issues already ruled upon by the trial court, or that advance supporting facts that were otherwise available when the issues were originally briefed, will generally not be granted. In re Negrete, 183 B.R. 195, 197 (9th Cir. BAP 1995).

As indicated by the Court in its oral decision rendered on February 4, 2014, cause to grant relief from stay has been established. Any interest the Debtor had in the Ocean Shores

ORDER DENYING DEBTOR'S MOTIONS - 3

Property was extinguished by a Trustee's Deed dated December 19, 2012, and recorded in Grays Harbor County on December 21, 2012. Any interest the Debtor had in the Washougal Property was extinguished by a Trustee's Deed dated January 15, 2013, and recorded in Clark County on January 17, 2013.

At the time of the February 4, 2014 hearing, the Debtor had not established that he had an interest in either of the Properties or was even residing at the Ocean Shores Property. At the hearing, the Debtor alleged that he acquired a 50 percent interest in both Properties from the original borrowers by virtue of a Quit Claim Deed, a copy of which had not been provided to the Court. Although the Debtor has since provided a copy of a Quit Claim Deed dated September 5, 2012, which purports to transfer him a 50 percent interest in these Properties for the consideration of "21 Silver Dollars" (see ECF No. 50-1 at 6), this does not establish a basis to reconsider the Court's prior orders. Even if the Debtor does have a valid interest in these Properties, cause to grant relief from stay still exists. Particularly, as it appears that the motivation for such transfer was only to delay and challenge the foreclosure process.

This is a Chapter 7 case, thus the Debtor is not seeking to reorganize. The Chapter 7 Trustee has already indicated that he had no opposition to granting relief from stay to FNMA and claims no interest in either of the Properties. Each of the deficiencies alleged by the Debtor concern the state foreclosure in process or soon to be in process which are state law issues. Accordingly, the proper forum for the Debtor to pursue any of these alleged deficiencies is in state court. The U.S. District Court recently came to the same conclusion in remanding FNMA's complaint against the Debtor for unlawful detainer regarding the Washougal Property back to Clark County Superior Court (Case No. 13-5857-RBL). Additionally, relief from stay has been granted without prejudice to the Debtor being able to pursue any remedies he may believe he is entitled to in state court. The Trustee further

ORDER DENYING DEBTOR'S MOTIONS - 4

1 | indicated at the February 4, 2014 hearing that he had no objection to allowing the Debtor to

2 | pursue such claims in state court.

3 | The Debtor has failed to establish that relief from the orders granting relief from stay is

4 | warranted under either Local Rules W.D. Wash. Bankr. 9013-1(h) or Fed. R. Civ. P. 60.

5 | The Debtor has also filed an application for a temporary restraining order. Such

6 | application, however, seeks to obtain injunctive relief, which must be sought in the context of

7 | an adversary proceeding. See Fed. R. Bankr. P. 7001(7). The Debtor has a pending

8 | adversary proceeding under Adv. Proc. No. 14-04040. If the Debtor intends to seek a

9 | temporary restraining order, such relief must be sought in the adversary proceeding. The

10 | Court notes that the Debtor has also filed several recent pleadings in the adversary

11 | proceeding, none of which have been properly noted for hearing. Local Rules W.D. Wash.

12 | Bankr. 9013-1. The Court will not make any rulings on such pleadings unless properly noted

13 | for hearing with appropriate service and response time.

14 | Accordingly, it is hereby

15 | **ORDERED** that the Debtor's Motions are denied.

16 | ///End of Order///

ORDER DENYING DEBTOR'S MOTIONS - 5